UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George N.S. Jones, Sr., M.S., <br> *also known as George S. Jones, Sr.*, <br><br> Plaintiff, <br><br> v. <br><br> Lee County Correctional Institution; Sgt. Hatfield, C/O Canty and all Officials, <br><br> Defendants. | ) C/A No. 9:14-4761-MGL-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The Plaintiff, George N. S. Jones, Sr., M.S., also known as George S. Jones, Sr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution (LCI), part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se

complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that on August 29, 2014, while he was incarcerated at the Lee Correctional Institution, he was asking the Defendant "Sgt. Hatfield" to help him get his I.D. badge back, and that when he "grabbed his left collar then she sprayed me with the pepper gas spray . . . ." Plaintiff alleges he is on medications for various medical problems, which Hatfield knew about when she sprayed him. Plaintiff also complains (apparently about the removal of his I.D. badge) that he has tried to talk to "superiors" (perhaps including the Defendant Canty) but that he only receives "a few sheets of paper . . . and 2 stamped envelopes." Plaintiff seeks monetary damages. See generally, Complaint (Court Docket No. 1).

The Complaint is subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies as to the actions alleged in his Complaint. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o



2

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Plaintiff states in his Complaint that he filed a Step 1 grievance (LCI 1165-14, a copy of which is attached to his Complaint as an exhibit), but it was returned "unprocessed." ECF No. 1 at 2. However, only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010). Because



3

it did not appear that Plaintiff had exhausted his administrative remedies, special interrogatories were sent to Plaintiff, and he filed a response on February 24, 2015, in which he merely reiterated that he filed a Step 1 grievance, and the grievance was returned with the statement "no process." Plaintiff further concedes that he did not pursue any further administrative process. See ECF 16.

Even though Plaintiff alleges in the Complaint that his Step 1 Grievance was returned to him unprocessed; see also, Plaintiff Exhibit (Step 1 Grievance form); that does not excuse his admitted failure to complete the administrative appeal process before filing this lawsuit. See generally, Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]; Nally v. King, No. 12-128, 2013 WL 594709, at * 3 (N.D.W.Va. Jan. 3, 2013) ["Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure"]; adopted by 2013 WL 593448 (N.D.W.Va. Feb. 15, 2013); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) ["Nevertheless, even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."].

Additionally, while Plaintiff states in his Complaint that he received a final agency/departmental/institutional answer to his grievance, he gives "9/19/14" as both the date he filed his grievance, and as the date he received his final response. ECF No. 1, p. 2, Section II. The Plaintiff signed his Complaint on October 19, 2014, only one month after he submitted his Step 1



4

grievance. Therefore, it is readily apparent that Plaintiff failed to wait the requisite period of time with respect to any grievance in order to exhaust his administrative remedies before filing this lawsuit. See Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) [Where a prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his complaint, the prisoner has failed to exhaust his available administrative remedies]; see also Jones v. Kay, No. 07–3480, 2007 WL 4292416, at * 5 (D.S.C. Dec.5, 2007) [Even if no response is received, a "SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court"].

Therefore, this case is subject to summary dismissal. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (S.C. 1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.



5

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 8, 2015
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

